**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2142-M |
| | § | |
| **CHRISTIE PETTIGREW,** | § | |
| | § | |
| **Defendant,** | § | |
| | § | |
| and | § | |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| **Garnishee,** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's order of reference filed December 27, 2010, before the Court for recommendation or determination is Defendant's *Motion for Hearing* (doc. 11), filed December 23, 2010. Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

On September 10, 2002, Christie Pettigrew ("Defendant") pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 and 2, in criminal case number 4:02-CR-170-01-A in the Northern District of Texas. (doc. 62.) On February 14, 2003, a judgment was entered against her, sentencing her to thirteen-months imprisonment and five-years supervised release, and ordering her to pay a special assessment of $100.00, and full restitution, jointly and severally with her co-defendants, in the amount of $114,344.10. (*Id.*) As of October 19, 2010, payments totaling $61,859.55 had been applied to the restitution debt leaving a balance of $52,484.55.

On September 4, 2009, the United Stated filed an application for a writ of garnishment under

18 U.S.C. § 3613 and 28 U.S.C. §§ 3202-06 against any nonexempt property of Defendant for the balance in the amount of $52, 484.55. On October 28, 2010, the Court ordered the issuance of a writ of garnishment, and the Clerk issued the writ ordering Bank of America to withhold or retain any property that Defendant or her spouse had a non-exempt interest in and for which it became indebted to them. The Clerk also issued a notice of post-judgment garnishment that advised Defendant of her right to claim exemptions for some property, and her right to request a hearing within twenty days of receipt of the notice to explain why the property sought was exempt and why she thought she did not owe the debt to the government. On December 15, 2010, Bank of America filed its answer to the writ of garnishment. On December 23, 2010, Defendant moved for a court hearing to "appeal the decision to garnish [her] bank account and 25% of [her] wages" and requested that "the garnishment be drop[ped] as of the hold on [her] tax returns." (Mot. at 1.) The United States timely filed a response and the motion is now ripe for determination

## II. ANALYSIS

Plaintiff moves for a court hearing to "appeal the decision to garnish [her] bank account and 25% of [her] wages," and requests that "the garnishment be drop[ped] as of the hold on [her] tax returns." (Mot. at 1.) She appears to argue that she has paid more towards the restitution amount than her co-defendants have, and that the restitution order is placing a financial burden on her when she is living paycheck to paycheck and trying to take care of her family. (*Id.*) The United States points out that it is not garnishing Pettigrew's wages or tax refunds in this action, and argues that none of the assertions in Plaintiff's motion meet the statutory requirements outlined in 28 U.S.C. § 3202(d) for a hearing. (Resp. at 2-5.)

Section 3202(d) permits a defendant to request a hearing on the writ of garnishment, but

2

limits the issues at such a hearing to: (1) the probable validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement for the issuance of the writ; (3) and certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). The assertions made by Plaintiff in support of her motion for a hearing, even when broadly construed, do not fall within the subject matter outlined in § 3202(d). Plaintiff is neither making a colorable claim for an exemption[1] nor claiming that the United States has failed to comply with a statutory requirement for the issuance of a writ. The criminal restitution judgment against her, moreover, was not issued by default. Since Plaintiff has failed to meet the statutory requirements, she is not entitled to a hearing under § 3202(d). *See United Stated v. Bolden*, No. 3:10-CV-1744-L, 2010 WL 5452116, at *1-2 (N.D. Tex. Dec. 28, 2010) (denying the defendant's request for a hearing because his assertions did not meet the statutory requirements for a hearing under § 3202(d)).

Section 3202(d), however, is not the sole avenue for a judgment debtor to request a hearing. Section 3205 allows a judgment debtor to file an objection to the garnishee's answer within twenty days of its receipt and request a hearing:

> Objections to answer.--Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

28 U.S.C. § 3205(c)(5); *see also F.T.C. v. Namer*, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007). To properly place an objection under § 3205 before the court, the judgment debtor must file a written objection to the garnishee's answer and request a hearing within twenty days after the receipt

---

[1] The property exempt from levy is enumerated in 26 U.S.C. § 6334(a).

of the answer, state the grounds for his objection, and serve the objection and the request for hearing on the garnishee and all parties. 28 U.S.C. § 3205(c)(5). If these procedural requirements are met, the court must then hold a hearing within ten days of the date of receipt of the request or as soon as practicable. *Id.* Here, Defendant has not filed an objection to the garnishee's answer as contemplated by § 3205(c)(5), only to the garnishment itself, and she is therefore not entitled to a hearing under § 3205(c)(5). *See United States v. Calcutt*, 2006 WL 2938853, at *1-2 (W.D. N.C. Oct. 12, 2006) (judgment debtor was not entitled to a hearing under 3205(c)(5) because he did not file objections to the answer or serve them on the garnishee). Defendant's motion for a hearing is accordingly **DENIED**.

### III. CONCLUSION

Plaintiff's *Motion for Hearing* is **DENIED**.

**SO ORDERED on this 14th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE